United States District Court
Southern District of Texas

**ENTERED**

October 26, 2017

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ALONSO GONZALEZ-CONTRERAS, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-142 |
| | § | (Criminal No. 1:13-cr-927-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Alonso Gonzalez-Contreras's pro se "Motion to Preserve Petitioner's Claim in Light of Johnson v. United States, 135 S.Ct. 2551 (2015)" (hereinafter, Gonzalez-Contreras's "Motion" or "§ 2255 Motion"). Dkt. No. 1. For the reasons provided below, Gonzalez-Contreras's § 2255 Motion lacks merit. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Gonzalez-Contreras's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Gonzalez-Contreras's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Background and Procedural History

On January 30, 2014, Gonzalez-Contreras pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Alonso Gonzalez-Contreras*, No. 1:13cr00927-1, Dkt. No. 33 at 1.[1]  On September 10, 2014, Senior United States District Judge Hilda Tagle sentenced Gonzalez-Contreras to 46 months of imprisonment.  *Id*. at 1-2. Judgment was entered on September 29, 2014.  *Id*. at 1.  Gonzalez-Contreras appealed, but on June 16, 2015, the Court of Appeals for the Fifth Circuit dismissed his appeal "as frivolous."  CR Dkt. No. 39 at 1.  Gonzalez-Contreras did not file a petition for certiorari in the United States Supreme Court.[2]

Gonzalez-Contreras filed his instant § 2255 Motion on June 16, 2016.  Dkt. No. 1.[3]  The Court reviewed Gonzalez-Contreras's Motion upon receipt.  Due to the language contained in his Motion, however, the Court could not determine if Gonzalez-Contreras intended to proceed under 28 U.S.C. § 2255 immediately, or if

---

[1]  Hereinafter, Gonzalez-Contreras's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  The Court has confirmed that Gonzalez-Contreras did not file a petition for certiorari with the Supreme Court.  *See United States v. Gonzalez-Contreras*, No. 14-40988 (Docket current through October 26, 2017); *see also* http://www.supremecourt.gov/docket/docket. aspx (last visited October 26, 2017).

[3]  Gonzalez-Contreras indicates that he mailed his § 2255 Motion on June 16, 2016.  Dkt. No. 1 at 3.  The Court will consider his Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

he merely sought to "preserve" his alleged claim under *Johnson v. United States*,

___ U.S. ___, 135 S.Ct. 2551 (2015), so that he could timely present the claim at a

later date.  *See id.* at 1-2.  In an effort to ascertain his intention, and to notify him of

his rights, the Court issued a Notice and Order on July 1, 2016.  Dkt. No. 5.  In

relevant part, this Notice and Order provided as follows:

> As Gonzalez-Contreras's Motion indicates that he is seeking relief
> pursuant to 28 U.S.C. § 2255, the Court **NOTIFIES** Gonzalez-
> Contreras that it will construe his Motion as a 28 U.S.C. § 2255 motion
> to vacate, set aside, or correct sentence.  If Gonzalez-Contreras does
> not wish to have his Motion construed under 28 U.S.C. § 2255, he may
> voluntarily withdraw his Motion, **provided he files a motion to
> withdraw, on or before August 1, 2016**.  If Gonzalez-Contreras does
> wish to proceed pursuant to 28 U.S.C. § 2255, he should supplement
> his motion with all grounds he wishes to assert, or risk waiving them.
>
> Pursuant to *Castro v. United States*, 540 U.S. 375 (2003),
> Gonzalez-Contreras is additionally **NOTIFIED** that, if the Court
> construes his Motion as a 28 U.S.C. § 2255 motion to vacate, set aside,
> or correct sentence, he may be prohibited from asserting additional
> § 2255 claims in the future and from filing any subsequent § 2255
> motions.  *See* 28 U.S.C. § 2255(h) (prohibiting the filing of a "second or
> successive motion" unless certain procedural steps are taken and
> certain prerequisites are met).  That is, before he will be permitted to
> file a second or successive § 2255 motion, Gonzalez-Contreras will be
> required to seek, and acquire, the approval of the Court of Appeals for
> the Fifth Circuit and will have to establish certain grounds in order to
> obtain that approval.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or
> successive application . . . is filed in the district court, the applicant
> shall move in the appropriate court of appeals for an order authorizing
> the district court to consider the application.").

*Id.* at 1-2 (emphasis in original).

Gonzalez-Contreras did not move to withdraw his § 2255 Motion, nor has he

submitted anything to the Court for filing subsequent to the filing of his § 2255

Motion.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

In his § 2255 Motion, Gonzalez-Contreras claims that he is entitled to relief pursuant to the new rule of law announced in *Johnson v. United States*, ____ U.S. ____, 135 S.Ct. 2551 (2015). Dkt. No. 1 at 1-2. He also relies upon other cases similar to *Johnson* in reasoning, such as *United States v. Gonzalez-Longoria. See id.* (citing *United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016), *overruled on reh'g en banc*, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016)). Specifically, he alleges as follows:

> Petitioner was charged being an illegal alien and reentry in to the United States in violation of 8 U.S.C. § 1326.  The Court determined that Petitioner had previously committed an "aggravated felony" under U.S.S.G 2L1.2  Now in light of Johnson, and the rationale of the cases mentioned above, Petitioner asserts that his claim involves "a new rule of constitutional law" made by the United States Supreme Court.  This Petitioner's Sentencing Guidelines were enhanced for priors labeled as "crimes of violence" that are now void for vagueness under Johnson. Therefore Petitioner seeks vacature of his wrongful conviction.  Should the Court disagree then he would respectfully preserve his claim and ask that the Court deny the motion without prejudice in order that Petitioner may re-file at a later date after the upcoming "crimes of violence guidelines change" that will be occurring on August 1, 2016.

*Id.* at 2 (errors in original).

In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence.  *Johnson*, 135 S. Ct. 2551, 2555.  The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g).  18 U.S.C. § 924(e).  In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony."  18 U.S.C. § 924(e)(2)(B)(i)-(ii).  A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the

use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at \*1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Supreme Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at \*1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Unfortunately for Gonzalez-Contreras, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Gonzalez-Contreras's case, the Court did not sentence him pursuant to § 924(e). In fact, in sentencing him for violating 8 U.S.C. §§ 1326(a) and 1326(b), the Court did

not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 17 (Final Presentence Investigation Report); CR Dkt. No. 34 at 1 (Statement of Reasons, adopting the Final Presentence Investigation Report "without change"); CR Dkt. No. 33 (Judgment). Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Gonzalez-Contreras with a right to § 2255 relief.

Nevertheless, Gonzalez-Contreras indicates that the rationale supporting the rule in *Johnson* still applies to provide him with relief. Dkt. No. 1 at 1-2. He argues that the Court enhanced his sentence pursuant to a provision of the United States Sentencing Guidelines (hereinafter, "U.S.S.G.s" or "Guidelines") that must now be considered void for vagueness under the logic of *Johnson* and its progeny. Dkt. No. 1 at 1-2. More specifically, he notes that the Court enhanced his sentence pursuant to U.S.S.G. § 2L1.2, and suggests that § 2L1.2's crime-of-violence definition is as unconstitutionally vague as the violent-felony definition contained in the ACCA's residual clause. *Id*. at 2. Because he believes that § 2L1.2's crime-of-violence definition is unconstitutionally vague under *Johnson's* rationale, Gonzalez-Contreras suggests that he did not have proper notice that his prior California robbery convictions could qualify as crimes of violence. *Id*. Therefore, he suggests that the § 2L1.2 enhancement of his sentence was unconstitutional and must be remedied. *Id*.

In sentencing Gonzalez-Contreras, the Court adopted the United States Probation Office's Final Presentence Investigation Report ("PSR") "without change." CR Dkt. No. 34 at 1. The PSR applied the 2013 edition of the Guidelines and

provided Gonzalez-Contreras with a base-offense level of eight for violating 8 U.S.C. §§ 1326(a) and (b).  CR Dkt. 17 at 4.  Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), the PSR increased Gonzalez-Contreras's base-offense level by 16 points to account for his two California robbery convictions.  *Id.*  Gonzalez-Contreras's record reveals that he was convicted on two counts of robbery in 2000, pursuant to California Penal Code § 211.  *Id.* at 7; CR Dkt. Nos. 27 and 27-1.

Gonzalez-Contreras's challenge to the Court's application of U.S.S.G. § 2L1.2(b)(1)(A)(ii) lacks merit.  In support of his argument, Gonzalez-Contreras relies upon *Johnson v. United States*, 135 S.Ct. 2551; *United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016); *United States v. Vivas–Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, _____ U.S. _____, 137 S.Ct. 31, 195 L.Ed.2d 902 (2016).  Dkt. No. 1 at 1-2. These cases have no direct application to Gonzalez-Contreras's case because they did not involve challenges to USSG § 2L1.2.  *Id.*[4]

More importantly, Gonzalez-Contreras's argument is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, ____ U.S. ____ 137 S. Ct. 886, 892 (2017).  In *Beckles*, the Supreme Court held that the Guidelines are not subject to challenge on the grounds of vagueness because they "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."  *Id.*  Additionally, the Supreme Court noted that the Guidelines do

---

[4]   Further, Gonzalez-Contreras's reliance on *United States v. Gonzalez–Longoria* is unavailing because the Fifth Circuit vacated its original holding on rehearing.  *See United States v. Gonzalez–Longoria*, 831 F.3d 670, 672-74, 676-78 (5th Cir. 2016) (en banc) (holding that 18 U.S.C. § 16(b)'s crime-of-violence definition is not unconstitutionally vague).

not "implicate the twin concerns underlying [the] vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at 894. *See also United States v. Ortega-Sanchez*, 1:13–cr–151–LJO–SKO, 2017 WL 3896344, at *5 (E.D.Cal., Sept. 6, 2017) (petitioner's challenge to the 16-point enhancement of his base-level offense under U.S.S.G. § 2L1.2 is foreclosed by the Supreme Court's ruling in *Beckles v. United States*).

Gonzalez-Contreras's argument is also foreclosed by law which the Supreme Court has not disturbed. *See United States v. Becerril–Lopez*, 541 F.3d 881, 893 (9th Cir. 2008) ("[W]e hold that a conviction under Cal. Penal Code § 211 could only result from conduct that constitutes a 'crime of violence' for purposes of U.S.S.G. § 2L1.2. The district court properly applied the 16–level enhancement."); *United States v. Flores–Mejia*, 687 F.3d 1213, 1215–16 (9th Cir. 2012) ("In sum, we hold that a conviction under California Penal Code § 211 remains a categorical crime of violence under the "enumerated offenses" definition in U.S.S.G. § 2L1.2."); *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015) (distinguishing *Flores–Mejia*, 687 F.3d at 1215, and *Becerril–Lopez*, 541 F.3d at 893, and noting that, while a robbery conviction under CPC § 211 is a categorical crime of violence under the "enumerated offenses" definition in § 2L1.2, it is not a "violent felony" for purposes of the ACCA); *United States v. Ortega-Sanchez*, 2017 WL 3896344, at *5 ("[T]he application of the 16–point enhancement pursuant to USSG § 2L1.2(b)(1)(A)(ii) did not in any way implicate the language found unconstitutional in *Johnson*. . . . The Ninth Circuit has affirmed that CPC § 211 is a "crime of violence" for purposes of

USSG § 2L1.2.") (citing *Flores–Mejia*, 687 F.3d 1213, 1215–16).   Gonzalez-Contreras's § 2255 Motion lacks merit and should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[5]

## V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.   Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

[5] This recommendation is not disturbed by Gonzalez-Contreras's request to file a new claim related to the "'crimes of violence guidelines change' that will be occurring on August 1, 2016." Dkt. No. 1 at 2 (errors in original).  The Court provided Gonzalez-Contreras with an opportunity to supplement his claims (*see* Dkt. No. 5), and he has not done so.  Further, Gonzalez-Contreras has not identified any Guideline change that would retroactively apply to him, or otherwise provide him with relief.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Gonzalez-Contreras has not made a substantial showing of the denial of a constitutional right.

## VI.  Recommendation

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Gonzalez-Contreras's § 2255 Motion be summarily dismissed with prejudice for lack of merit. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415

(5th Cir. 1996).

Signed on this 26th day of October, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**